### THE ELMIRA.

(Circuit Court of Appeals, Second Circuit. March 10, 1914.)

No. 230.

COLLISION (§ 90*)—FERRYBOATS IN NORTH RIVER—DISOBEDIENCE OF RULES.

A collision at night between two ferryboats proceeding down North river nearly side by side *held* due solely to the fault of a third boat which had run out of her slip at Hoboken to reverse ends and was returning, and which, although the burdened vessel insisted on crossing ahead after her signal therefor had been refused, thus forcing the outer of the down-bound boats to crowd against the other.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 181–186, 196; Dec. Dig. § 90.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty for collision by the Central Railroad of New Jersey, as owner of the steam ferryboat Wilkes Barre, against the ferryboat Elmira; the Delaware Lackawanna & Western Railroad Company, claimant. Decree for libelant for half damages, and both parties appeal. Reversed on libelant's appeal.

De Lagnel Berier and James J. Macklin, both of New York City, for libelant.

J. L. Seager, of New York City (A. J. McMahon, of New York City, of counsel), for claimant.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. January 20, 1908, at 8:14 p. m., the ferryboat Syracuse left her slip at Weehawken, bound for Desbrosses street, New York. At 8:20 p. m. the ferryboat Wilkes Barre left her slip at Twenty-Second street, New York, bound for Communipaw, N. J. At or about 8:23 the ferryboat Elmira left her slip at

Hoboken, ran out into the river, reversed ends, and started back to lay up at the cattle dock just south of her slip, for the night. The tide was flood. The Wilkes Barre crossed over to the Jersey side and opposite the North German Lloyd piers was overtaken by the Syracuse, the faster boat. They proceeded down on parallel courses; the Syracuse being inshore. When the Elmira reversed ends, the Wilkes Barre and Syracuse were off the Hamburg-American piers, the Wilkes Barre a little in the lead. Notwithstanding that they were the privileged vessels, the Elmira blew a signal of two blasts, indicating her wish to cross their bows, which proposition the Wilkes Barre refused, answering with a signal of one. The Wilkes Barre and Elmira continued their courses and speeds until the Elmira blew a second signal of two blasts, when the Wilkes Barre replied with one, and both reversed full speed astern. The Wilkes Barre also ported, with the effect of bringing the guards on her starboard side a little aft of amidships under the guards on the port bow of the Syracuse. The Wilkes Barre crossed the Elmira's bow within 50 to 75 feet. The Syracuse sustained no damage, and the libelant, as owner of the Wilkes Barre, filed this libel to recover her damages against the Elmira. The district judge found the Elmira primarily at fault, but, holding that the Wilkes Barre was also at fault for porting, he directed a decree for half damages. We do not concur in this finding as to the Wilkes Barre. It is unnecessary to determine whether, in view of this porting, her owners could have recovered her damages of the Syracuse. It was the obstinacy of the Elmira that caused the porting. She put the Wilkes Barre in a pocket, requiring her to choose between a more dangerous collision with the Elmira or a less dangerous one with the Syracuse, and it is but fair that she should indemnify the owners of the Wilkes Barre for the damages resulting.

The decree is modified by directing the court below to enter a decree in favor of the libelant for full damages and full costs of both courts.